**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**TOM HODGE**     **PLAINTIFF**

**V.**     **CASE NO. 1:06CV14**

**NATIONAL AUCTION GROUP, INC.**     **DEFENDANT**

## ORDER

This cause comes before the Court on the plaintiff's motion for remand [8-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is Tom Hodge, a resident of Houston, Mississippi. The defendant is National Auction Group, Inc. ("National Auction"), an Alabama corporation. Hodge filed this complaint against National Auction in the Chickasaw County Circuit Court on December 1, 2005, alleging damages for breach of contract in the amount of $49,655.00, as well as prejudgment interest on that amount plus compensatory damages for emotional distress, mental anguish, loss of professional standing, stigma, shame, and embarrassment, punitive damages, and attorney's fees. On January 18, 2006, National Auction removed the case to federal court, alleging that removal was proper because there was complete diversity and the amount in controversy exceeded the statutory minimum of $75,000.00. Hodge now seeks remand to state court.

Federal courts are courts of limited jurisdiction, and removing defendants bear the burden of establishing that the federal forum has subject matter jurisdiction over the action. See Pullman Co. v. Jenkins, 305 U.S. 534, 540, 59 S.Ct. 347, 83 L.Ed. 334 (1939). "Only state-court actions that could have originally been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). In the

instant case, National Auction premises removal jurisdiction on 28 U.S.C. § 1332, which establishes that federal courts have subject matter jurisdiction over cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332. It is undisputed that there is complete diversity between the parties, and the sole issue for the Court to address in the instant motion is whether the amount-in-controversy requirement is satisfied. To do so, the Court applies the procedure outlined by the Fifth Circuit in St. Paul Reinsurance Co. Ltd. v. Greenberg:

> In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceed the jurisdictional amount. The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.

134 F.3d 1250, 1253 (5th Cir. 1998).

Where the basis for jurisdiction is ambiguous at the time of removal, the removal court may consider post-removal affidavits in determining the amount in controversy. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). In particular, where the court judges the amount in controversy to be ambiguous in the complaint, courts in this circuit have held that a binding affidavit submitted by the plaintiff limiting his ability to recover more than the jurisdictional amount can defeat removal. See Haley v. Ford Motor Co., 398 F.Supp.2d 522, 527-28 (S.D. Miss. 2005); In re Norplant Contraceptive Prods. Liability Litigation, 918 F.Supp. 178, 179 (E.D. Tex. 1996).

In the instant case, Hodge seeks contract damages in the amount of $49,655.00, as well as prejudgment interest on that amount plus compensatory damages for emotional distress, mental anguish, loss of professional standing, stigma, shame, and embarrassment, punitive damages, and

2

attorney's fees. As such, if all of his non-contract damages exceeded $25,345.00, the amount-in-controversy requirement would be met. On the other hand, the non-contract damages appear mainly limited to non-economic harms (Hodge does not seek damages for medical bills or lost work, for example). For purposes of this motion, the Court finds that the complaint is ambiguous in the damages that it seeks. Hodge's remand motion is also accompanied by an affidavit sworn under penalty of perjury which states in relevant part:

> I plainly state in the interest of clarity, per the complaint, that I demand judgment in an amount not to exceed the sum or value of $75,000, exclusive of interest and costs. This amount includes all damages including compensatory, punitive, and attorney's fees.

The Court interprets this affidavit to expressly disclaim any damages which the jury might award in excess of $75,000. Consequently, there is no longer any possibility that Hodge may recover enough to satisfy the jurisdictional requirement, and remand is therefore proper.

ACCORDINGLY, it is hereby ORDERED that the plaintiff's motion for remand [8-1] is GRANTED and this case is hereby remanded to the Chickasaw County Circuit Court.

This is the 1st day of June, 2006.

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**

PLAINTIFF
Victor Fleitas

DEFENDANT
William Westbrook III
BRYANT, DUKES & BLAKESLEE, PLLC
Gulfport